**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIM ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| P.C. DANIEL, INC. d/b/a | ) | Magistrate Judge |
| ZIMMER-DANIEL ASSOCIATES, | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

**COMPLAINT**

Tim Anderson complains of P.C. Daniel, Inc. d/b/a Zimmer-Daniel Associates as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Anderson is a citizen of Illinois who resides in McHenry County, Illinois.

2. Zimmer-Daniel is an Illinois corporation with its principal place of business located in Kane County, Illinois.

3. At all times relevant to Anderson's complaint, Zimmer-Daniel had more than 15 employees.

4. On December 14, 2010 Anderson filed a charge of discrimination against Zimmer-Daniel with the Equal Employment Opportunity Commission alleging Zimmer-Daniel discriminated against him on the basis of his disability. (*See* Exhibit 1.)

5. On August 4, 2011 the EEOC issued Anderson a Dismissal and Notice of Rights. (*See* Exhibit 1.)

6. This complaint was filed within 90 days of Anderson's receipt of the EEOC's Dismissal and Notice of Rights.

7.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this matter is brought
pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

8.   Venue is proper as the acts complained of occurred within the Northern District of
Illinois.

## FACTS

9.   Anderson suffers from BiPolar Disorder.

10. Anderson was employed by Zimmer-Daniel from on or about October 5, 2009 until on or
about August 24, 2010.

11. Anderson reported to work on August 17, 2010.

12. On August 17, 2010 Anderson felt ill, left work and consulted a physician.

13. On August 18, 2010 Anderson was admitted to a hospital.

14. At approximately 6:30 a.m. on August 18, 2010, on Anderson's behalf Lesa Cvitkov
telephoned Adam Guerra, Zimmer-Daniel's then vice-president of operations, and informed
Guerra that Anderson had been hospitalized.

15. On August 18, 2010 Greg Benjamin, one of Zimmer-Daniel's managers, telephoned
Cvitkovic and inquired of her as to Anderson's medical condition.

16. On August 19, 2010, Anderson sent a text message to Benjamin stating: "Greg, thank
you for your concern. I am sick and not sure when I will be out of here. Taking a lot of tests and
it may be a while. I will keep you posted best I can. Not feeling well at all."

17. On August 21, 2010 Centegra Health System sent a letter to Shelley Roach, Zimmer-
Daniel's then human resources manager, informing her that Anderson had been a patient at
Centegra's medical center since August 17, 2010, that Anderson would be receiving outpatient

treatment, and that the date on which Anderson would be able to return to work would be determined by a physician.

18. Centegra's letter of August 21, 2010 requested that Anderson be given a medical leave of absence by Zimmer-Daniel.

19. Zimmer-Daniel did not grant Anderson a leave of absence.

20. By letter dated August 24, 2010 Anderson was notified by William Bochte, an attorney for Zimmer-Daniel, that Anderson had been removed from Zimmer-Daniel's payroll.

21. In his letter of August 24, 2010 Bochte informed Anderson that stated: "You have not reported for work since August 17, 2010, and did not notify the Human Resource Coordinator in advance as to your absence. My client assumed that you have voluntarily abandoned your position and you have in fact been removed from the payroll."

22. On August 24, 2010 Roach sent an e-mail to Zimmer-Daniel's employees stating that Anderson had been terminated.

23. Despite notice of Anderson's illness and hospitalization, Zimmer-Daniel never asked Anderson if he needed a reasonable accommodation to perform his job duties.

24. Despite notice of Anderson's illness and hospitalization, Zimmer-Daniel never offered Anderson a reasonable accommodation so that Anderson could perform his job duties.

25. As of the date Zimmer-Daniel terminated Anderson's employment, Anderson was qualified to perform his job duties with or without a reasonable accommodation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

26. As paragraph 26, Anderson incorporates paragraphs 1 through 25.

27. Based on the information provided to it by Cvitkov and Anderson, as of August 18, 2010 Zimmer-Daniel knew or should have known that Anderson suffered from a disability.

28. Zimmer-Daniel terminated Anderson's employment on or about August 24, 2010 because it knew Anderson suffered from a disability or because it regarded Anderson as suffering from a disability.

29. By terminating Anderson's employment Zimmer-Daniel violated 28 U.S.C. § 12112, which provides that an employer may not discharge a qualified employee from employment because the employee suffers from a disability.

30. Zimmer-Daniel's termination of Anderson was an intentional act taken in knowing and complete disregard of Anderson's rights under the Americans with Disabilities Act.

WHEREFORE, Plaintiff Tim Anderson requests a trial by jury and an award of damages, punitive damages, attorney's fees and the costs of this action.

**TIM ANDERSON,**

By:    /s/ Michael J. Mueller
His Attorney

Michael J. Mueller (ARDC No. 6194275)
Buzogany Marks & Mueller LLC
500 North Michigan Avenue, Suite 300
Chicago, Illinois 60611
(312) 396-4190
mmueller@bmm-law.com

**EXHIBIT 1**

12/15/10  ATN: INTAKE DEPT.
From : Tim Anderson   2-Pages  Re: discrimination charge

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | 846-2011-20685 |
| X EEOC | |

and EEOC

_____ State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Tim Anderson | 312/498-1888 | May 19, 1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2209 W. Fairview Ave., Johnsburg, IL 60051 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Zimmer Daniel Associates | 50+ | 847/697-9393 |

| Street Address | City, State and ZIP Code |
|---|---|
| 695 Tollgate Road, Suite A, Elgin, Il 60123 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN | Earliest        Latest<br>August 17, 2010 |
| __ RETALIATION __ AGE _x_ DISABILITY __ OTHER (Specify below.) | __ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

On August 17, 2010 I felt ill and left work. I visited a physician that day. On August 18, 2010 I was admitted to a hospital. On August 18, 2010, Lesa Cvitkov telephoned Adam Guerra, Zimmer Daniel Associates' Vice President of Operations, at approximately 6:30 a.m. and informed him that I was in the hospital. On August 18, 2010 Greg Benjamin, Manager of Zimmer Daniel Associates Rockford, Illinois office, telephoned Ms. Cvitkovic and inquired as to my condition. On August 19, 2010, I sent a text message to Mr. Benjamin stating: "Greg, thank you for your concern. I am sick and not sure when I will be out of here. Taking a lot of tests and it may be a while. I will keep you posted best I can. Not feeling well at all." On August 21, 2010 Centegra Health System mailed a letter to Shelley Roach, Zimmer Daniel Associates' Human Resources Manager, informing her that I was a patient at Centegra Memorial Medical Center from August 17 through August 21, 2010, that I would be receiving outpatient treatment, and that the date on which I would be able to return to work would be determined by the physician providing me with outpatient care. That letter requested that I be given a medical leave of absence. By letter dated August 24, 2010, I was notified by William Bochte, Zimmer Daniel Associates' attorney, that I had been removed from Zimmer Daniel Associates' payroll. On August 24, 2010, Ms. Roach sent an e-mail to Zimmer Daniel Associates' employees stating that I had been terminated. I have been diagnosed as Bipolar 2 OCD. Zimmer Daniel Associates discriminated against me because of my disability, or because I was perceived as having a disability, by refusing me a leave of absence, terminating my employment, and refusing to offer me a reasonable accommodation so that I could perform my job.

RECEIVED EEOC

DEC 2 0 2011

CHICAGO DISTRICT OFFICE



| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| 12/14/10<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Timothy Anderson<br>2209 West Fairview Avenue<br>Johnsburg, IL 60051 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7011 0470 0002 4704 1125**

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 846-2011-20685 | Gabrielle Perez,<br>Investigator | | (312) 869-8079 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

8/4/11
(Date Mailed)

cc: **ZIMMER DANIEL ASSOCIATES**